UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN STRAUB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-169 SNLJ |
| JESSE SITES, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jesse Sites, an inmate at Southeast Correctional Center (SECC), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, after reviewing the allegations in plaintiff's complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights. He brings this action against two Correctional Officers: Jesse Sites and Phillip Dobbs.[1] Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that defendants Sites and Dobbs either threw away or lost five magazines that were in his cell when he was transferred to disciplinary segregation on January 22, 2022. Although plaintiff admits that he was not allowed to have his property in his disciplinary segregation cell, he asserts that he was denied due process when defendants threw away or lost his magazines when he returned from disciplinary segregation.

Plaintiff bases his claim that his magazines could have been thrown away on the fact that the five magazines were lost from his property when he was transferred back from disciplinary segregation. He claims that he was told by another inmate that the inmate had overheard Sites and Dobbs say they threw "some magazines away because that offender caught another sexual misconduct violation on female staff."

---

[1] Plaintiff states that Jesse Sites has ceased employment at SECC.

3

Nonetheless, when plaintiff spoke to defendant Sites about his magazines being gone, Sites told him he left the magazines on the day room shelf when plaintiff was transferred to disciplinary segregation. Sites surmised that another offender must have moved the magazines.

Plaintiff asserts that he grieved the issue at SECC after some difficulty obtaining the grievance forms.[2] Plaintiff has attached a copy of his grievance and grievance appeal to his complaint. In his grievance, plaintiff alleges that he believes defendant Sites may have thrown his five magazines away.

Plaintiff has also attached a letter he sent to the Circuit Court of Mississippi County, Missouri, seeking to file a lawsuit against defendants. However, the Court cannot find any record of such a suit being filed on Missouri.Case.Net. In the letter to the Circuit Court, plaintiff alleges that defendant Sites lost his mail and stole a property removal form from his cell.

Plaintiff seeks monetary damages in this action.

## Discussion

After review of the complaint in its entirety, the Court finds that this action is subject to dismissal.

**A. Official Capacity Claims**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, defendants are all employees of the Missouri Department of Corrections

---

[2]Plaintiff states that defendant Sites' sister, used "manipulation" to the case managers to "hinder" offenders' grievances to file within the 15 days. Plaintiff, however, does not bring a cause of action against defendant Sites' sister.

4

("MDOC"). Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment[3] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent plaintiff seeks monetary damages against the defendants, his official-capacity claims are barred by the Eleventh Amendment and should be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

Plaintiff's individual capacity claims also fail to state a claim for relief.

## B. Individual Capacity Claims

Plaintiff has failed to state a claim for a denial of his property under the Due Process Clause.[4] "When a state employee's unauthorized, random acts deprive a person of property, the

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

[4] In one part of his complaint, plaintiff attempts to assert that his claim is a denial of his First Amendment rights. Plaintiff misunderstands the juxtaposition of his claim. Plaintiff is not asserting that his mail is being regulated. Rather, his claim centers around lost property. A claim for regulation of mail or review of a prisoner's mail falls under the First Amendment. Although inmates have a right to receive mail, that right may be limited by prison regulations that are reasonably related to a legitimate penological interest. *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998). *See also Griffin v. Lombardi*, 946 F.2d 604, 607 (8th Cir. 1991) (stating that prison inmates have a recognized First Amendment interest in receiving mail, but that prisoners are also subject to the valid regulations of a prison). "To decide whether a particular policy advances such an interest, [the court] must consider (1) whether there is a rational connection between the regulation and a neutral and legitimate governmental interest; (2) whether alternative means exist for the inmates to exercise their constitutional rights; (3) the impact of accommodating that right on other inmates

5

state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). Missouri provides such an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law).

Here, plaintiff alleges that five magazines were taken from him. Although he admits that he doesn't know if the items were thrown away or carelessly misfiled, the law is clear that such deprivation of personal property in prison does not amount to a constitutional violation if a meaningful post-deprivation remedy is available. In Missouri, such a remedy is available by filing an action in replevin in state court. Therefore, plaintiff's deprivation of property claim must be dismissed for failure to state a claim.

### C. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. Because the Court is dismissing plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), his motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

---

and prison personnel; and (4) whether reasonable alternatives to the regulation exist." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011).

6

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED.**

**IT IS FURTHER ORDERED** that an appeal of this Order of Dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of December, 2022.

                                              STEPHEN N. LIMBAUGH, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE